[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: #117 MOTION TO REOPEN JUDGMENT AND TO REARGUE
The above matter went to judgment on October 30, 1991. The plaintiff has filed a Motion to Reopen and Reargue her claims for relief. CT Page 10694
The court found that the plaintiff aged 60, was in fair health. She testified she had had a myleogram in the 70's which indicated a ruptured disc. The evidence indicated the wife was gainfully employed during the 70's. She worked at the Clam Box Restaurant until it closed in 1984. Thereafter, she worked in other employment up to 1986. The plaintiff had cancer surgery in 1980 and has some difficulty with the use of her right arm. The court considered all of the health claims of the plaintiff.
The court observed that the plaintiff was articulate, clear and concise in her testimony. She took an active part in the trial, writing notes to her attorney, going through her many files for documents and conferring regularly with her attorney throughout the course of this 5 day trial. The court would characterize the plaintiff as aggressive during the course of her testimony.
The plaintiff did have assets at the time of the marriage and she was responsible for the purchase of the marital home. The court awarded the marital home, which is mortgage free, to the wife.
The plaintiff used $9,000 of her funds for the purchase of the Greenwich lot in 1965. This property has increased in value over the years. The defendant's appraiser testified that the fair market value of the lot was $345,000. This property is also mortgage free.
The parties were married for 33 years and have three grown children. Although the court did not ascribe fault to either party, certainly the gambling and physical abuse of the defendant was a contributory factor in the break down of this marriage. The court awarded the plaintiff approximately 75% of the assets and the defendant 25% and in addition, awarded the plaintiff lifetime alimony.
Although the plaintiff requested all of the marital assets and substantial lifetime alimony, the court's intent was that the defendant receive a share of the marital estate. The only asset available to provide the defendant with such a share is the Greenwich property, the marital home having already been awarded to the plaintiff. If the plaintiff has some other means of providing the defendant with his share without selling the lot, then the court's intent is carried out.
The court awarded the plaintiff approximately 34% of the defendant's income as periodic lifetime alimony. The plaintiff had requested $10,000 per year alimony on net earnings of the defendant in the approximate amount of $20,000. The plaintiff, whose daughter presently lives with her, claims expenses in excess of $24,000 per year to maintain herself and her home. Although the CT Page 10695 defendant was gainfully employed throughout the marriage and also worked a second job at a restaurant, the defendant never earned more than $29,000 a year except for one year from his full time job. Both parties worked at a restaurant for long periods of time and neither party declared their tips. There was testimony the defendant earned between $10,000 to $15,000 per year in tips off the books.
The plaintiff's sister testified she lent the plaintiff money for trips to Hawaii, Italy and California in the early 80's and paid a medical bill in 1982 for the plaintiff, all at the time the parties were living together. The sister expects to be paid when the Greenwich lot is sold and the plaintiff intends to repay her family debts at the time the Greenwich property is sold.
There was evidence of gambling and physical abuse by the defendant. There was also evidence that the plaintiff made derogatory comments to the defendant and treated the defendant as a doormat. The evidence indicates the plaintiff made the major decisions in the family.
The parties did not live on a grand scale. Both parties assisted their three children in furthering their education. The children contributed to the household expenses when they lived at home. The parties had no joint debts at the time of their separation in 1986.
The court has reviewed its notes on this five day trial, and has reviewed the financial affidavits of the parties. The court did not dwell at length in its memorandum on the issue of fault. However, the court considered fault as well as the other statutory criteria set forth in Sections 46b-81 and 46b-82 C.G.S. in arriving at the decisions reflected in the memorandum. The parties were given ample opportunity to resolve their marital finances themselves, without the intervention of the court, but unfortunately, they were unable to resolve the issues. There are no winners in this unfortunate matrimonial matter.
The Motion to Reopen and to Reargue is denied. No attorney's fees are awarded to either party.
COPPETO, J.